UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA      )
      )
      V.      )
      )
ALVIN PETERSON      )      CASE NO. 2:04-cr-102

**Memorandum and Order on Petition Alleging
Violation of Conditions of Probation**

<u>FACTS</u>

On April 26, 2005, Alvin C. Peterson was sentenced to a two-year term of probation (with conditions including compliance with a wetlands restoration plan) and he was ordered to pay a fine of $4,000 (due in four equal installments). Specific requirements of the wetlands restoration plan were included in a September 21, 2005 Order; that Order required that Mr. Peterson complete the wetlands restoration by November 15, 2005.

Since Mr. Peterson did not restore the wetlands as he was required to do, a January 12, 2006 Order provided that the United States Fish and Wildlife Service (FWS) would be responsible for hiring a contractor to complete the wetlands restoration work, and required that Mr. Peterson deposit funds totaling the contractor's estimate plus ten percent by February

1

15, 2006.    The contractor's estimate for the wetlands restoration work was $2,000; that amount plus ten percent, for a total of $2,200, was to have been deposited by February 15, 2006.

The January 12th Order also increased the total fine from $4,000 to $5,000, and required that the then-remaining balance of $3,000 be paid in two $1,500 installments.  (The January 12th Order erroneously stated the current fine balance was $4,000, but should have stated the current fine balance was $3,000.)

A petition filed March 10, 2006 alleged that Mr. Peterson has not complied with the order requiring deposit of funds for the wetlands restoration work.  On June 1, 2006, this Court held a hearing on the March 10th petition.  At the hearing, Mr. Peterson again contended that the wetlands restoration work should not be required.  He also testified that portions of his Social Security benefit checks and an income tax refund had been withheld because of his payment obligations in this case, thereby asserting that the payments are delinquent only in part. Mr. Peterson has made no direct payment toward the $2,200 he was required to deposit for the wetlands restoration work.

At the hearing, this Court directed that the United States Attorney determine the total amount of any Social Security

2

benefits and income tax refund which have been withheld for application to amounts due in this case.  On June 5, 2006, the United States provided a listing of payments credited toward Mr. Peterson's payment obligations.  It shows that the special assessments of $20.00 were paid in full on April 28, 2005.  It confirms that two installments, of $1,000.00 each, were paid towards the fine.  Ths listing reflects a total of $913.66 in payments through the Treasury Offset Program, between November 21, 2005 and May 15, 2006.

<u>DISCUSSION</u>

Mr. Peterson violated terms of probation by not depositing $2,200 to cover the cost of the wetlands restoration by February 15, 2006.  However, it appears that Treasury Offset Program payments may have been withheld at times payments were not past due under the payment schedule.

Under 18 U.S.C. § 3565, if a defendant violates a condition of probation, terms of probation may be modified or enlarged. In light of Mr. Peterson's repeated violations of conditions of probation, and his continued defiance of orders of the Court, modification of terms of probation would be an appropriate sanction.  But, a June 22, 2006 letter from the United States Attorney requests instead that the government be allowed to

3

pursue lawful collection remedies against Mr. Peterson, so that the government can attempt to reach resolution of the matter without additional court involvement.

This Court will therefore not order an additional fine, or other modifications of conditions of probation at this time. Under prior orders of this Court, Mr. Peterson is required to pay an additional $3,000 in fines, less credit for Treasury Offset Program payments, and $2,200 for the wetlands restoration work. Pursuant to statute, interest is accruing.

As this Court has stated earlier, an early termination of probation will be considered if Mr. Peterson complies with all payment requirements, after the wetlands restoration work is completed. The supervising probation officer may also choose to file another petition if Mr. Peterson's noncompliance continues.

<u>ORDER</u>

It is **ORDERED** as follows:

This Court's January 12, 2006 Order, at page 3, is corrected to read:

> Mr. Peterson shall pay a total fine of $5,000. Since he has made two installment payments toward his fine obligations, the current fine balance is $3,000. That balance shall be paid in two installments of $1,500, due May 27, 2006 and November 27, 2006.

4

It is additionally **ORDERED** as follows:

The United States Fish and Wildlife Service (FWS), or its designated contractor, is granted authority to enter Mr. Peterson's property to complete wetlands restoration as described in this Court's September 21, 2005 Order.  FWS employee Kurt Thompkins shall not enter Mr. Peterson's property.

All wetlands restoration work shall be performed during daylight hours, during the regular (Monday through Friday) workweek.

The wetlands restoration work shall be completed on or before September 15, 2006.

The wetlands restoration work shall be completed without damage to standing crops.  In the event crops have not been harvested by September 1, 2006, Mr. Peterson shall provide FWS with necessary access to each wetland to be restored, even if crops remain standing.  If Mr. Peterson does not provide that access, FWS shall contact Mr. Peterson's tenant to secure necessary access to each wetland to be restored.  If FWS is unable to obtain necessary access either through Mr. Peterson or through his tenant, FWS is authorized to access the wetlands through the most reasonable and least invasive route possible.

Mr. Peterson shall not interfere with, or physically block, the wetlands restoration work.

After restoration work is completed, the United States shall submit a statement of final costs of restoration to the Court.

The United States is authorized to utilize all lawful collection remedies against Mr. Peterson until all amounts due for fine and wetlands restoration have been paid.

Dated this 5th day of July, 2006.


Alice R. Serechal
U.S. Magistrate Judge